IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HOWARD GLAZE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-21-1204-D |
| ) | |
| SCOTT NUNN, ) | |
| ) | |
| Respondent. ) | |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation [Doc. No. 5] issued by United States Magistrate Judge Suzanne Mitchell pursuant to 28 U.S.C. § 636(b)(1)(B).   Upon initial screening of the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 [Doc. No. 1], Judge Mitchell recommends a dismissal without prejudice of the Petition for lack of jurisdiction.   Judge Mitchell finds:   Petitioner previously filed a habeas petition challenging the same criminal conviction; he did not obtain prior authorization to file a second petition as required by 28 U.S.C. § 2244(b)(3); and a transfer to the court of appeals for authorization is not warranted.

The record reflects that within the deadline to file an objection, Petitioner has made a written filing [Doc. No. 6] in the form of a letter to the Clerk. Petitioner acknowledges the prior authorization requirement of § 2244(b)(3) and represents that he is attempting to satisfy it.   Specifically, Petitioner states that he has requested permission from the court of appeals to file a second § 2254 petition and that he "accidentally mailed his habeas petition to the Court during the same time he sought authorization from the Tenth Circuit."

Attached to his filing is a copy of a letter from the Clerk of Court for the Tenth Circuit acknowledging the receipt of his request to file a second or successive habeas petition. *See* Letter, attach. 1 [Doc. No. 6-1].

Liberally construing Petitioner's filing, the Court understands that he may object to the recommended dismissal of his Petition as premature.[1] The Court must make a *de novo* determination of portions of the Report to which a specific objection is made, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Upon *de novo* consideration of the issues, the Court finds that Judge Mitchell's analysis is correct. The Court also takes judicial notice that on January 19, 2022, the Tenth Circuit issued its order denying Petitioner authorization under § 2244(b) to file a second § 2254 petition. *See In re Glaze*, No. 22-6000, Order (10th Cir. Jan. 19, 2022). The Court therefore concurs in Judge Mitchell's recommendation to dismiss the Petition for lack of jurisdiction because it constitutes a second or successive petition subject to the requirements of 28 U.S.C. § 2244(b)(3), which are not satisfied.

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 5] is **ADOPTED** in its entirety. The action is dismissed without prejudice. A separate judgment shall be entered accordingly.

---

[1] Because Plaintiff appears pro se, the Court must liberally construe his pleadings and arguments, but cannot act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. §2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is denied, and the denial shall be included in the judgment.

**IT IS SO ORDERED** this 26th day of January, 2022.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge